costs the effect is to include costs of such court only, yet, if it assumes to deal with the whole subject and wipes out and reverses the judgment or decree appealed from with costs, that includes all the costs of all the inferior courts. (*Murtha* v. *Curley*, 92 N. Y., 359., unreported.) Such was the effect allowed by this court to the decision of the Court of Appeals, *In the Matter of Walsh* (89 N. Y., 453), where all of the proceedings below, both in Special Term and General Term, were dismissed with costs, we held that the court intended to control the whole subject and award costs in the lower courts, such were our views and these are our reasons for the order complained of."

*Edward P. Wilder*, for the executor.

*Roe & Macklin*, for William and Anna Hood.

Opinion by DYKMAN, J.; BARNARD, P. J., and PRATT, J., concurred.

Motion for resettlement of order of General Term denied, with costs and disbursements.

---

THE POUGHKEEPSIE SAVINGS BANK, RESPONDENT, *v.* THE MANHATTAN FIRE INSURANCE COMPANY, APPELLANT, IMPLEADED, ETC.

*Agency — when a fire insurance company is estopped from setting up an erroneous statement as to the ownership of the property, which was inserted in the policy by the mistake of its agent.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

In April 1869, the defendant Edward Cranston, being the owner of certain land in Ulster county, executed and delivered a mortgage on the same accompanied by his bond to Edgar B. Newkirk, to secure the payment of $800, which came to the plaintiff by regular assignment. Cranston procured a policy of insurance on the house upon the premises to the plaintiff. Clay, Merrill and Dubois were the

agents of the Connecticut Insurance Company at Kingston in Ulster county, and through them the plaintiff obtained several renewals of the policy, the last one expiring October 23, 1879. The loss, if any, was payable to the plaintiff as collateral to the mortgage.

At the expiration of the last renewal, these same agents forwarded by mail to the plaintiff the policy in suit issued by the defendant on the same building, with mortgage condition slips attached, and Edward Cranston paid the premium. These agents were the agents of the defendant at Kingston, and without the knowledge of the plaintiff had ceased to be the agents of the Connecticut Company. Previous to the issuance of the policy in suit, the title of the property had been changed by the foreclosure of a second mortgage, and became vested in the defendant Anna Cranston, who was then the owner. This fact was then unknown to the plaintiff, the defendant and the agents, and no representation or request of any kind respecting the property or the policy were made to the defendant or the agents by any person.

The property was destroyed by fire June 25, 1881, and the loss has been adjusted at $930. The mortgage of the plaintiff is unpaid.

It was found by the trial court that the policy constituted an agreement by the defendant to insure the house described, and that the mistake made by the agents of the defendant in naming the owner was not caused by any fraud or misrepresentation. That by the payment and acceptance of the premium the owner acquired the right to the benefit of the insurance, and that the policy was valid as to the plaintiff and the owner. Judgment went for the plaintiff.

The court at General Term said : " We find no reason to question its correctness. The policy was delivered and the premium received with full purpose of insuring the building, and there was no fraud or misrepresentation. Clearly the error of the agents cannot be set up by the company as a breach of warrantee, and the policy of insurance should be applied to the subject and interest intended to be covered. (*Bidwell* v. *North - Western Ins. Co.*, 19 N. Y., 182.)

" The just rule on the subject now is, that where a mistake is the fault of the agent the insurer is bound to respond on the contract actually made. " (*Rowley* v. *Empire Insurance Company*, 36 N. Y., 550.)

*R. F. Wilkinson*, for the appellant.

*R. E. Taylor*, for the respondent.

Opinion by DYKMAN, J; PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ON THE RELATION OF SARAH B. KIRK ET. AL. *v.* GEORGE W. WEIANT, AS SURROGATE OF THE COUNTY OF ROCKLAND, ROBERT ALLEN, JR., AND SARAH M. DOIN ET AL.

*Surrogate — not disqualified from acting by reason of his having been attorney for the testator at the time of his death — he is not disqualified because he may be called as a witness by the contestants — Code of Civil Procedure, sec. 2496.*

APPLICATION for a writ of prohibition, to prohibit the surrogate of Rockland county from proceeding with the probate of the will of Elisha Ruckman, deceased.

The papers in the proceedings alleged that, at the time of making the will and for three years previous to the death of Elisha Ruckman, the surrogate of Rockland county was the attorney and counsel for deceased, and that at the time of his death he was his attorney in three actions pending in this court and in the courts of United States. That he was well acquainted with the deceased during his lifetime, and knew the surroundings of the deceased, his mental and physical condition, and the influences that surrounded him. This motion was made before the surrogate, who refused to entertain it.

It was claimed that the surrogate was disqualified, because; 1st. He was the attorney and counsel of deceased up to the time of his death, and that the actions are still pending and undetermined, and which actions and their *status* may be affected by the probate of this will. 2d. That he was a necessary and material witness to the contestants on the probate of the will.

The court at General Term said: "The surrogate is not disqualified by the provision of section 2496 of the Code of Civil Procedure. That section only applies to subscribing witnesses to wills or to witnesses to establish non-cupative wills. The